**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4280**

───────────

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

MICHAEL LAMONT BOOMER,

                    Defendant - Appellant.

───────────

On Remand from the Supreme Court of the United States.
(S. Ct. No. 11-8737)

───────────

Submitted:  February 28, 2013          Decided:  March 14, 2013

───────────

Before MOTZ and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Joseph R. Pope, WILLIAMS MULLEN, Richmond, Virginia, for
Appellant. Neil H. MacBride, United States Attorney, Angela
Mastandrea-Miller, Richard D. Cooke, Assistant United States
Attorneys, Richmond, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Lamont Boomer appeals from the sentence imposed after he was resentenced on remand from an appeal from the sentence imposed after relief was granted under 28 U.S.C.A. § 2255 (West Supp. 2012) and 18 U.S.C. § 3582(c)(2) (2006). Boomer was found guilty after a jury trial of possession with the intent to distribute fifty grams or more of cocaine base, possession with the intent to distribute marijuana, and possession of a firearm in furtherance of a drug trafficking crime. Boomer argues that the statutory mandatory minimum sentences applicable in his case violate the separation of powers doctrine. He also argues that his sentence is substantively unreasonable. We affirmed the judgment in 2011, but the Supreme Court granted Boomer's petition for writ of certiorari, vacated the judgment, and remanded for consideration in light of Dorsey v. United States, 132 S. Ct. 2321, 2335 (2012). We have reviewed the relevant case law on remand and affirm the judgment.

Boomer argues that statutory mandatory minimum sentences applicable in his case violate the separation of powers doctrine because they relegate the sentencing role of the judiciary to administering the sentence without having the individual discretion to impose a sentence that the court

chooses. He argues that the executive branch should not establish punishments for crimes.

Boomer did not raise this issue in the district court; therefore it is reviewed for plain error. Generally, this court reviews de novo a district court's ruling on a constitutional challenge to a statute. United States v. Buculei, 262 F.3d 322, 327 (4th Cir. 2001). When a defendant fails to timely raise a constitutional challenge in the district court, however, this court reviews the issue for plain error. United States v. Olano, 507 U.S. 725, 732-33 (1993). Because Boomer only asserted his separation of powers argument on appeal, his claim is reviewed to determine whether (1) there was error; (2) that was plain; and (3) that affected substantial rights. Id. at 732-35.

We conclude that Boomer's constitutional challenge is without merit and that the district court properly considered itself constrained by the applicable statutory minimum sentence. See Harris v. United States, 536 U.S. 545, 568-69 (2002) (recognizing criticisms of mandatory minimum sentencing provisions, but not holding them unconstitutional); Chapman v. United States, 500 U.S. 453, 467 (1991) (noting that determinate sentences are not unconstitutional); United States v. Gonzalez-Ramirez, 561 F.3d 22, 30 (1st Cir. 2009) (deciding that

3

prosecutor's discretion to seek enhanced minimum sentence does not violate separation of powers doctrine).

Boomer argues that his sentence on count one is substantively unreasonable because the factors the district court relied upon in imposing the sentence were already considered legislatively when calculating the mandatory minimum sentence or were taken into account in the sentence imposed for possession of a firearm in furtherance of a drug trafficking crime.[*] Boomer argues specifically that the court abused its discretion because the court considered his thirteen misdemeanors, which he states are not offenses under the Guidelines warranting a greater sentence, that the court erred in finding that he was "more than a casual distributor" of drugs in light of the three bags of fifty-nine grams of crack cocaine in his possession, and that his possession of a firearm and bulletproof vest were acts punished under his § 924(c) conviction and should not be considered to increase his possession with intent to distribute sentence.

---

[*] Boomer's brief states that the 125-month sentence is unreasonable. However, the 125 months was imposed after consideration of Amendments 706 and 711 to the Sentencing Guidelines and Boomer's 18 U.S.C. § 3582(c)(2) motion. At resentencing, which occurred prior to adjudication of the § 3582(c)(2) motion, the sentence was 144 months on count one, a downward variance from the 151-188 months original Guidelines range. The total sentence on all counts was 204 months.

A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). A sentence imposed within the properly calculated Guidelines range is presumed reasonable by this court. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).

First, the court did not err in considering Boomer's thirteen misdemeanor convictions. Not all of the convictions were counted for purposes of criminal history points, but it is clear from the transcript that the court concluded that the multiple convictions demonstrated a regular pattern of violations and indifference toward the law.

Next, Boomer contends that his sentence is unreasonable because the district court noted that, based on the quantities involved, he was more than a casual distributor. Boomer had been convicted of possession with intent to distribute, and the court is required to sentence in compliance with the jury's verdict. United States v. Curry, 461 F.3d 452, 460-61 (4th Cir. 2006). Finally, Boomer claims that the district court's reliance on his possession of a firearm and bullet-resistant vest was error and makes his sentence substantively unreasonable because this conduct was punished in

5

count three, under § 924(c), and should not be used to increase his sentence above the mandatory minimum for count one. Boomer is incorrect regarding the bulletproof vest; he did not receive an enhancement based on the vest. The possession of a vest may be deemed an aggravating fact, demonstrating a deeper level of distribution activity requiring serious safety measures. Although the possession of a firearm was the subject of the § 924(c) count, the court's reasoning appears to indicate that the possession it referred to was part of a pattern of defiance of the law and immersion in drug trafficking.

Consideration of the substantive reasonableness of a sentence requires an assessment of the totality of circumstances underlying the sentence, including the extent of any variance from the Sentencing Guidelines range. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). Viewing the totality of the evidence, we conclude that the 204-month total sentence, which included a downward variance, was not an abuse of discretion and therefore the sentence is reasonable.

For the first time in his reply brief, Boomer argued that the Fair Sentencing Act (FSA) should have applied to him at resentencing. Boomer conceded in his reply brief that his opening brief did not raise the issue. Although generally we will not consider issues raised for the first time in a reply brief, Yousefi v. I.N.S., 260 F.3d 318, 326 (4th Cir. 2001), we

6

consider Boomer's argument in light of the Supreme Court's remand and supplemental briefing by the parties. In ordering remand, the Supreme Court did not determine the merits of the FSA claim.

Boomer may have been eligible to be sentenced under the FSA because, although he committed his offenses before August 3, 2010, the effective date of the FSA, the district court conducted his second resentencing after that date. The FSA is not retroactive for offenders who were sentenced prior to enactment of the statute. United States v. Bullard, 645 F.3d 237, 248 (4th Cir.), cert. denied, 132 S. Ct. 356 (2011). However, the Supreme Court held that the FSA is retroactively applicable to a defendant who committed his offenses prior to August 3, 2010, but was sentenced after that date. Dorsey, 132 S. Ct. at 2335. Although Boomer was originally sentenced six years before the FSA's effective date, his most recent resentencing constituted a full sentencing hearing. Dorsey does not make a distinction between original and resentencings after the FSA's effective date.

The Government and Defendant agree that in light of Dorsey, the new statutory minimum sentences of the FSA should have applied at resentencing after the effective date of the Act. Even if we assume the FSA applies, we nevertheless do not find reversible error in the sentencing proceedings appealed

7

here. When considering whether preserved procedural sentencing errors require resentencing, the court applies a harmless error standard. See United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir.), cert. denied, 132 S. Ct. 454 (2011); United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010). Accordingly, we may affirm a sentence despite such an error if the Government demonstrates that the error "did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that" the district court's judgment was not affected by the error. Boulware, 604 F.3d at 838 (internal quotation marks and alterations omitted).

Any error in failing to apply the new statutory minimum under the FSA was harmless error. Here, the district court considered Boomer's arguments, recognized that it had discretion to vary below the Guidelines range and chose to impose a sentence above the pre-FSA ten-year statutory minimum sentence. While the failure to apply the FSA five-year minimum was error, we conclude that the Government has established that the error was harmless and certainly did not result in plain error. Id.; see also Puckett v. United States, 556 U.S. 129, 135 (2009) (plain error requires that the legal error "must be clear or obvious, rather than subject to reasonable dispute").

Accordingly, we affirm the criminal judgment. Because there is no error in the resentencing and Boomer did not raise

8

any issues specific to the order reducing his sentence, we also affirm the district court's order granting a sentence reduction under 18 U.S.C. § 3582(c)(2).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED